Filed 10/10/13  P. v. Harris CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057698 |
| v. | (Super.Ct.No. FSB903454) |
| EDWARD JAMES HARRIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Affirmed.

David L. Kelly, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## INTRODUCTION

On June 4, 2012, an amended information charged defendant and appellant

Edward James Harris with four counts of second degree robbery.  (Pen. Code, § 211,

counts 1-4.)  As to all counts, the information alleged that defendant had suffered three

serious or violent felony bank robbery convictions (18 U.S.C. § 2113(a)) in the United

States District Court for the Western District of Washington at Seattle (case No. CR98-

577R).  (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).)  On June 4, 2012,

defendant plead not guilty to all counts, and waived his right to a jury trial on the prior

offense allegations.

On June 7, 2012, the jury returned verdicts of guilty as to counts 1 and 2, and not

guilty as to counts 3 and 4.  On September 28, 2012, following a court trial, the court

found the strike allegations true.  Defendant filed a motion to strike the strike priors,

pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, which was denied.

On December 3, 2012, the court sentenced defendant to a total indeterminate term of

55 years to life in state prison.

On December 6, 2012, defendant filed a timely notice of appeal.

## STATEMENT OF FACTS

*Count 1:  Cal National Bank*

On May 7, 2009, defendant entered Cal National Bank in Rancho Cucamonga

wearing clear eyeglasses on his forehead.  Defendant proceeded to a teller window and

handed the teller a note that read, "This is a robbery.  Give me 100's and 50's."  The

teller's training was to "comply, comply, comply."  This was the first time the teller had

ever been robbed. She was scared, but saw no weapons of any type. Defendant did not threaten her or threaten to hurt anyone else. The teller began taking money out of the cash drawer for defendant. As she was doing so, defendant whispered, "Hurry up, hurry up."

The teller gave defendant various $100, $50, $20, $10, $5 and $1 bills, plus the "bait money." Bait money is serial-number-logged currency attached to a dye pack, expressly designed to explode when it leaves the bank. The money totaled over $900. Defendant put the money in his pocket and ran out of the bank. The teller pushed the alarm and yelled that she had been robbed. The teller walked across the lobby and locked the bank doors.

The teller and another teller were both shown a photographic lineup. Both tellers picked defendant's photo as the person who had robbed the bank.

*Count 2: First Financial Credit Union*

On May 21, 2009, defendant walked into the First Financial Credit Union in Redlands and straight to a teller station. Defendant pulled a note from his pocket and handed it to the teller. Defendant's hands were shaking, and the teller could not read the entire note. What she saw written was "hundreds, 50's, and 20's." The teller gave defendant all of the money in her drawer.

The teller did not see any weapons and had never been in a robbery situation before. Defendant took the money and left the building. When defendant left, the teller activated the silent alarm and told other employees that she had just been robbed. When

3

showed a photographic lineup, the teller picked defendant's photo as the person who had robbed the bank.

*Count 3: Temecula Valley Bank*

On May 22, 2009, defendant walked into the Temecula Valley Bank and approached a teller window. Defendant handed the teller a note indicating he "needed all [her] 100's, 50's, and 20's." The teller felt anxious, and wanted to get defendant out of the building for her safety and the safety of others. She saw no weapons of any type. The teller had been trained to comply with any would-be robbers, to give them the money (including bait money), and to let them walk away. The teller gave defendant several $20 bills, including bait money. Defendant then told her to give him all of her hundreds. She told defendant she did not have any, and he left the bank.

*Count 4: Pacific Western Bank*

On May 26, 2009, a man entered the Pacific Western Bank in Ontario and approached a teller window. He put a note on her counter, which read, "hundreds, 50's, and no dye pack, no bait." The teller gave the man the money, after which he left. The teller activated the alarm and called the manager. The teller was shown a photographic lineup and identified defendant as looking "similar" to the robber, but she was not sure.

The branch operations manager saw the man enter the bank and she thought that he "looked suspicious." She said defendant was wearing dark sunglasses, which people ordinarily remove when they enter the bank. The manager was shown a photographic lineup and she identified defendant as the robber. The manager did not see a gun or any other weapon.

4

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On July 19, 2013, defendant filed a two-page handwritten brief. In his brief, it appears that defendant is arguing that because his previous convictions were for bank robberies under federal law, they do not meet the requirements under state law for robbery; hence, the prior convictions do not qualify as strikes under California law.

Specifically, defendant argues that the federal bank robberies do not qualify as a serious felony under California law because to constitute a bank robbery under California law, a robbery must have the elements of force, violence, or intimidation. It appears defendant is arguing that intimidation is not an element under federal law.

On December 3, 1998, defendant pled guilty to three counts of federal bank robbery. (18 U.S.C. § 2113(a).) The plea agreement states:

"Defendant acknowledges that he has been advised that the following constitute the elements of bank robbery. Defendant further understands that if this matter proceeded to trial, the Government would introduce evidence of each element: [¶]

a. Defendant took from the banks identified, money in their care, custody, and control;

5

[¶]  b. defendant used intimidation to do so; and  [¶]  c. the deposits of the bank identified were insured by the Federal Deposit Insurance Corporation."

Notwithstanding defendant's assertion that there is no intimidation requirement under federal law, the record indicates that one of the elements of federal bank robbery is the use of intimidation.  Therefore, we reject defendant's argument that federal bank robbery does not qualify as a serious felony under California law.

We have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

HOLLENHORST
Acting P. J.

MILLER
J.

6